Mary Jo O'Neill, AZ Bar #005924
Andrea G. Baran, MO Bar # 46520
James Driscoll-MacEachron, AZ Bar # 027828
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
andrea.baran@eeoc.gov
james.driscoll-maceachron@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>vs.<br><br>Golf International, Inc., an Arizona corporation, d/b/a The Steakhouse at Desert Canyon and Desert Canyon Golf Club,<br><br>Defendant. | Case No.:<br><br>**Complaint**<br><br>**(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 against Defendant Golf International, Inc., d/b/a The Steakhouse at Desert Canyon and Desert Canyon Golf Club ("Golf International"), to correct unlawful employment practices and to provide appropriate relief to Jeffrey White, who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Golf International discriminated and retaliated against Mr. White for

engaging in protected activity in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).  Specifically, Defendant terminated Mr. White's employment because he opposed unlawful sexual harassment, and, after Mr. White filed a charge of discrimination with the EEOC, Defendant offered to rehire Mr. White if he would withdraw his charge of discrimination with the EEOC and refused to rehire him when he would not agree to withdraw his charge.  Defendant also failed to post and keep posted in a conspicuous place notices which are required by Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Golf International, Inc. d/b/a The Steakhouse at Desert Canyon and Desert Canyon Golf Club, an Arizona corporation, has continuously been doing business in the State of Arizona, including Fountain Hills, Arizona and has at all relevant times had at least 15 employees.

5. At all relevant times, Defendant Golf International has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jeffrey White filed a Charge of Discrimination with the Commission, alleging that Golf International violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant Golf International employed Mr. White as a cook from approximately April to October 2009, including management responsibilities from approximately June 2009, and as a kitchen manager in approximately February 2010.

8. At all relevant times, Frieder Ort was the president of Golf International and Karl Boettcher was the general manager with authority over Jeffrey White.

9. On or about October 5, 2009, Mr. White submitted a written complaint to Mr. Boettcher and Mr. Ort. The complaint stated that several female employees felt that the head chef, Don Santos, was sexually harassing them.

10. On or about October 6, 2009, Mr. Boettcher called Mr. White and told Mr. White that he was fired.

11. On or about October 13, 2009, Mr. White filed a charge of discrimination with the EEOC stating that he was fired in retaliation for his October 5th complaint. The EEOC provided Defendant with notice of Mr. White's charge.

12. In approximately November 2009, Golf International offered to Mr. White that it would rehire him if he would withdraw his charge of discrimination with the EEOC. Mr. White refused to withdraw his EEOC charge, and Golf International refused to rehire him.

13. In approximately February 2010, Mr. Boettcher offered Mr. White the position of kitchen manager with Golf International. Less than three weeks after Mr. White accepted the position and began working, Defendant again summarily terminated his employment.

14. Shortly after his second termination, Mr. White applied for an assistant chef position with another employer. He was hired by that employer and scheduled to start

work when he was informed he would not be hired because he had failed his reference check.  Upon information and belief, Golf International gave Mr. White a negative job reference because Mr. White refused to drop his EEOC charge of discrimination.

15. On or about April 2009 through April 2010, Golf International engaged in the following unlawful employment practices at its Fountain Hills, Arizona facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-3(a), in retaliation for Mr. White's engagement in protected activity:

   a. terminating Mr. White's employment twice;
   b. refusing to rehire Mr. White unless he would withdraw his EEOC charge of discrimination;
   c. providing a false, negative employment reference to Mr. White's potential employer or employers.

16. Since at least May 2010, Golf International has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted in a conspicuous place notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

17. The effect of the practices complained of in paragraph 15 and 16 above deprived Mr. White of equal employment opportunities and adversely affected his status as an employee in retaliation for his activities protected by Title VII when he opposed sexual harassment and filed a charge of discrimination.

18. The unlawful employment practices complained of in paragraph 15 and 16 above were intentional.

19. The unlawful employment practices complained of in paragraph 15 and 16 above were done with malice and/or with reckless indifference to the federally protected rights of Jeffrey White, who was employed by Golf International.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Golf International, its officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against employees because of activity protected under Title VII and any other employment practice which discriminates against any individual in violation of Title VII.

B. Order Golf International to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of activity protected under Title VII and which eradicate the effects of their past and present unlawful employment practices.

C. Order Golf International to make whole Jeffrey White by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

D. Order Golf International to make whole Jeffrey White by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Golf International to pay Jeffrey White by compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Golf International to pay Jeffrey White punitive damages for its malicious conduct and/or reckless indifference described above, in amounts to be determined at trial.

G. Order Golf International to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-10(b).

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 12th day of May, 2011.

                            P. DAVID LOPEZ
                            General Counsel

                            JAMES LEE
                            Deputy General Counsel

                            GWENDOLYN YOUNG REAMS
                            Associate General Counsel

                            EQUAL EMPLOYMENT
                            OPPORTUNITY COMMISSION
                            131 M Street NE, 5TH Floor
                            Washington, D.C. 20507-0004

                            *s/Mary Jo O'Neill*
                            MARY JO O'NEILL
                            Regional Attorney

                            *s/Andrea G. Baran*
                            ANDREA G. BARAN
                            Supervisory Trial Attorney

                            s*/James Driscoll-MacEachron*
                            James Driscoll-MacEachron
                            Trial Attorney

                            EQUAL EMPLOYMENT
                            OPPORTUNITY COMMISSION

3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5003

Attorneys for Plaintiff